**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALAN WUNDERLICH,

        Plaintiff,

vs.                              CASE NO. 2:14-CV-13595
                                      HONORABLE PAUL D. BORMAN
                                      UNITED STATES DISTRICT JUDGE

STEVE COLOSKY, et. al.,

        Defendants,

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Plaintiff is an inmate confined at the Genesee County Jail in Flint, Michigan. On September 18, 2014, Magistrate Judge R. Steven Whalen signed an order of deficiency, which required plaintiff to provide a prisoner's application to proceed without prepayment of fees and costs and authorization to withdraw from trust fund account, a signed certification of his prison trust account from an authorized jail official and a current computerized trust fund account showing the history of the financial transactions in plaintiff's institutional trust fund account for the past six months. Alternatively, the order allowed plaintiff to pay the four hundred ($ 400.00) dollar filing fee in full. Plaintiff was given thirty days to comply with the order.

On September 25, 2014 and again on September 30, 2014, plaintiff filed an Application to Proceed in District Court Without Prepayment of Fees or Costs. Plaintiff, however, failed to provide this Court either time with a written authorization to withdraw funds from his prison trust fund account. Plaintiff also failed to provide the Court with a certified trust account statement.

1

28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997); *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore v. Wrigglesworth*, 114 F. 3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.* The district court must then order that the case be dismissed for want of prosecution. *Id.*

Plaintiff's application to proceed without prepayment of fees and costs is initially deficient because he failed to file an authorization to withdraw funds. The moment plaintiff filed his complaint, he became responsible for the filing fee, and he waived any objection to the withdrawal of funds from his trust fund account to pay court fees and costs. *McGore v. Wrigglesworth*, 114 F. 3d at 605. Plaintiff's application to proceed without prepayment of fees or costs is deficient and subject to dismissal because it lacks the requisite authorization form. *See Lindsey v. Roman,* 408 F. Appx. 530, 533 (3rd Cir. 2010); *See also Simmons v. Lafler*, No. 14-13063, 2014 WL 5286742, p. 1 (E.D. Mich. October 15, 2014).

Plaintiff also failed to provide the Court with a signed certification regarding trust fund account.  An uncertified trust fund account statement, or one that lacks a signature, is insufficient to satisfy the filing requirements for permitting a prisoner to proceed *in forma pauperis* under § 1915(a)(2), nor would it cure the deficiency in this case. *See Hart v. Jaukins,* 99 F. Appx. 208, 209-10 (10th Cir. 2004); *See also Moore v. Vantifflin,* No. 2:08-CV-15168, 2009 WL 224548, p. 1 (E.D. Mich. January 30, 2009).

Finally, plaintiff failed to provide the Court with a current computerized trust fund statement of account showing the history of the financial transactions in his institutional trust fund account for the past six months.  Plaintiff's complaint is thus subject to dismissal for lack of prosecution because of his failure to correct the deficiency by providing the Court a copy of his computerized jail trust fund account for the past six months. *See Davis v. United States,* 73 F. Appx. 804, 805 (6th Cir. 2003).

Plaintiff failed to correct the deficiency in this case.  Although plaintiff claims in his motion for discovery that a deputy at the Genesee County Jail has refused to provide him with the trust account information, these allegations, even if true, would not excuse plaintiff's failure to provide the Court with an authorization to withdraw funds.

Because plaintiff failed to fully comply with the deficiency order, the Court will dismiss the complaint without prejudice for want of prosecution based upon plaintiff's failure to fully comply with the deficiency order. *See e.g. Erby v. Kula,* 113 F. Appx. 74, 75-76 (6th Cir. 2004).

## ORDER

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the complaint [Dkt. Entry # 1] under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing

requirements of the Prison Litigation Reform Act.

**SO ORDERED.**

                                      s/Paul D. Borman  
                                      PAUL D. BORMAN  
                                      UNITED STATES DISTRICT JUDGE

Dated:  November 4, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 4, 2014.

                                      s/Deborah Tofil  
                                      Case Manager